P. BRODSKY & SON, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLEE, v. ECKEL PLUMBING & HEATING CORPORATION, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted May 4, 1948—Decided July 19, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the plaintiff-appellee, *Levy & Krauss*.

For the defendant-appellant, *Parnell & Krueger*.

The opinion of the court was delivered by

EASTWOOD, J.  This is an appeal by Eckel Plumbing & Heating Corporation from an adverse judgment against it in favor of P. Brodsky & Son, Inc., in the sum of $90 damages and costs.  The matter is submitted upon an agreed state of the case.  Plaintiff below is the holder of a judgment entered in the District Court of the Essex County Judicial District against one William Eckel.  Supplementary proceedings were taken thereon by the judgment creditor which resulted in the filing of a master's certificate showing that William Eckel, the defendant in that cause, appeared and testified that he was employed as manager of Eckel Plumbing & Heating Corporation, earning $50 per week; that his sons, Nat and Malvern Eckel, were president and treasurer, respectively, of said corporation; and that his wife, Fay, is secretary.  Eckel further testified that the corporation maintained a bank account at the Lincoln National Bank, Colonial Branch, and that as manager he was the only one who signed the corporation checks.  Appellee thereupon issued a garnishee execution against the wages of the said William Eckel in the hands of

Eckel Plumbing & Heating Corporation, appellant herein, and after the execution had been in effect eighteen weeks, the present suit was brought against appellant as the employer of William Eckel for $90 representing eighteen weeks of accruals at $5 per week. This suit was instituted under the provisions of R. S. 2:32–183, providing for action by a judgment creditor against any person, agent or officer of a private or public municipal corporation who fails or refuses to pay over to the officer presenting the execution the percentage of indebtedness therein specified.

The only point argued by appellant is that "Judgment should have been recovered in favor of the defendant." Appellant offered no testimony at the trial. Instead, the defendant moved for a direction of verdict in its favor on the ground that the defendant corporation was not bound by the admissions of its president and treasurer, as to Eckel's employment and his salary, and that there was no proof either that William Eckel was in the employ of the defendant company, nor as to how much had been earned by William Eckel from the time of the levy to the time of the suit. The District Court Judge, sitting without a jury, denied defendant's motion and found as a fact that plaintiff below, by its exhibits and testimony, had sustained the burden of proof as to the employment and salary of William Eckel with the defendant corporation, and that there was sufficient proof to warrant a judgment for plaintiff. We conclude that there was competent evidence adduced by the plaintiff below, sufficient to justify the lower court's factual findings. Under the rule long established, the Supreme Court will not disturb the factual findings of the lower court so long as there is any competent evidence to support them. Vischia v. Benjamin Motor Express, Inc., 24 N. J. Mis. R. 255; 48 Atl. Rep. (2d) 391.

The suit to enforce payment of the arrearages due under the wage execution was properly brought against the corporate defendant under R. S. 2:32–183. Credit Adjusters and Collectors, Inc., v. Bergen Essex Construction Co., 124 N. J. L. 382; 11 Atl. Rep. (2d) 755.

The judgment below is affirmed, with costs.